UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
RUDOLF A. OETKER KG                    :
                                       :
                    Plaintiff,         :
                                       :
        - against -                    :
                                       :
STX PANOCEAN CO. LTD.                  :
                                       :
                    Defendant.         :
------------------------------------------------------X

08 CIV 5211

08 CV
ECF CASE

RECEIVED
JUN 0 6 2008
U.S.D.C. S.D. N.Y.
CASHIERS

## VERIFIED COMPLAINT

Plaintiff, RUDOLF A. OETKER KG ("Plaintiff"), by and through its attorneys, Tisdale Law Offices LLC, as and for its Verified Complaint against the Defendant, STX PANOCEAN CO. LTD., ("Defendant"), alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2. At all material times to this action, Plaintiff was a foreign company duly organized and operating under foreign law with an office and place of business in Hamburg and was the time charter Owner of the M/V ST NIKOLAI ("Vessel").

3. Upon information and belief, at all material times, Defendant was a foreign corporation or other business entity organized and existing under foreign law with an office and place of business in Seoul, South Korea, and was the Charterer of the Vessel.

4. By a SHELLTIME charter party dated 26 January 2005, the Plaintiff chartered the Vessel to the Defendant for trading for a period of three years, +/- 60 days in Charterer's option.

5. The daily hire rate payable to the Plaintiff was $22,000 USD per day, pro rata, including overtime, to be paid monthly to the Plaintiff in U.S. dollars.

6. The laytime / cancellation period for this voyage was May 1-31, 2005.

7. The Vessel was delivered to Defendant within the proper laytime and was redelivered to the Plaintiff on 29 March, 2008.

8. A final hire statement was sent to the Defendant on April 18, 2008 with a balance due to Plaintiffs in the amount of USD$254,652.27.

9. In lieu of remitting the amounts due and owing to the Plaintiff, the Defendants have wrongfully, and in breach of the payment terms of the charter party, failed to remit the balance of hire due to Plaintiff.

10. As a result of Defendant's breaches of the charter party contract, Plaintiff has sustained damages in the total principal amount of **$254,652.27** exclusive of interest, costs and attorney's fees.

7. The charter party provided that any disputes arising thereunder shall be referred to the English Courts with English law to apply.

8. Plaintiff will soon commence English Court proceedings pursuant to the charter party.

9. Despite due demand, Defendant has failed to pay the amounts due to Plaintiff under the charter party.

10. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in under English Law. As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | |
|---|---|---|
| A. | Principal claim: | $254,652.17 |
| B. | Estimated interest on claims: 6.5 years at 6.5%, compounded quarterly | $54,344.72 |
| C. | Estimated fees and costs: | $45,000.00 |

2

| | |
|---|---|
| **Total** | **$353,996.99** |

11. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

12. The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims attaching, *inter alia*, any property of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of **$353,996.99.**

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$353,996.99** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such

property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.   That pursuant to New York CPLR §5201 et seq. this Court recognize and confirm any foreign judgment in Plaintiff's favor against the Defendant as a judgment of this Court;

D.   That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

E.   That the Plaintiff have such other, further and different relief as the Court deems just, proper and equitable.

Dated: June 6, 2008
       New York, NY

                                    The Plaintiff,
                                    RUDOLF A. OETKER KG

                                    By: /s/ Claurisse Campanale Orozco
                                    Claurisse Campanale Orozco (CC 3581)
                                    Thomas L. Tisdale (TT 5263)
                                    TISDALE LAW OFFICES LLC
                                    11 West 42nd Street, Suite 900
                                    New York, NY 10036
                                    (212) 354-0025 – phone
                                    (212) 869-0067 – fax
                                    corozco@tisdale-law.com
                                    ttisdale@tisdale-law.com

4

## ATTORNEY'S VERIFICATION

State of New York    )
                     )    ss.:    City of New York
County of New York   )

1. My name is Claurisse Campanale-Orozco.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an Associate in the firm of Tisdale Law Offices, LLC, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:    June 6, 2008
          New York, NY

_____
Claurisse Campanale-Orozco